*430 OPINION.
Arundell:
The question of jurisdiction raised at the hearing because of petitioner’s being adjudicated a bankrupt is settled by our decision in Plains Buying & Selling Association, 5 B. T. A. 1147, in which we held that where the adjudication occurs after the filing of a petition with the Board, the jurisdiction of the courts and the Board is concurrent.
Petitioner’s claim is that the loss he sustained in 1925 by reason of payments made on the liabilities of the orchard and railroad com *431 panies constitutes a net loss which should be allowed as a deduction from 1926 income. The argument is that the devotion by petitioner of a large part of his time and efforts to the financial affairs of the companies constituted engaging in a business within the meaning of the statute. We have held in a number of cases that losses sustained in the promoting of corporations have constituted net losses, but in such cases the evidence was that the taxpayer regularly carried on such business. See T. I. Crane, 17 B. T. A. 720; Edward H. Baker, 11 B. T. A. 733. The words “trade or business” as used in the statute refer to a regular occupation or calling of the taxpayer for the purpose of livelihood or profit and not to occasional or isolated transactions. J. J. Harrington, 1 B. T. A. 11; McLain Rogers v. United States, 41 Fed. (2d) 865. While those cases deal with losses on corporate stock, the same rules are applicable to the present case. While the petitioner undoubtedly invested in the companies originally with the hope of making a profit, it was exceedingly doubtful when he endorsed the notes of the companies that they would ever be financially successful, and so his subsequent activities in attempting to finance their debts can not be said to constitute a trade or business. Furthermore, while the winding up of the corporate business and the payment of debts extended over several years, these activities when viewed as a whole were but one transaction and this transaction was not of a sort regularly engaged in by petitioner.

Decision will he entered for the respondent.